# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIS SANDS, | Case No.: 2:10-cv-00297-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Partial Motion to Dismiss–#7) |
| WYNN LAS VEGAS, LLC, | |
| Defendants. | |

      Before the Court is Defendant Wynn Las Vegas' **Partial Motion to Dismiss** (#7), filed March 10, 2010. The Court has also considered Plaintiff Willis Sands' Opposition (#10), filed March 26, 2010, and Wynn's Reply (#14), filed April 9, 2010.

## BACKGROUND

      Plaintiff Willis Sands, an African-American, is a former salesman for the Wynn Las Vegas, a Nevada company. Sands alleges Wynn terminated his employment for "receiving a call on his cell phone" at work. (Dkt. #2, Compl. ¶ 7.) According to Sands, "non-African-Americans" were not disciplined when they received calls on their cell phones. (*Id.* ¶ 6.)

      On February 2, 2010, Sands filed suit in Nevada state court against Wynn and alleged claims for (1) race discrimination in violation of 42 U.S.C. § 1981; (2) retaliation in violation of 42 U.S.C. § 1981; (3) negligent infliction of emotional distress; and (4) injunctive and declaratory relief. On March 3, Wynn removed the case to this Court based on federal question

jurisdiction.  Wynn now moves to dismiss Sands' claims for negligent infliction of emotional distress and injunctive and declaratory relief.  For the reasons discussed below, the Court grants Wynn's motion in part and denies it in part.

## DISCUSSION

### I.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss.  First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950.  A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949.  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949.  Thus, where the complaint does not

1  permit the court to infer more than the mere possibility of misconduct, the complement has

2  "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks

3  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

4  plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

5  **II.      Motion to Dismiss**

6          The Court considers Wynn's motion to dismiss as follows:

7      **A.      Negligent Infliction of Emotional Distress**

8          Sands alleges that Wynn's decision to fire him was "extreme, outrageous, and was

9  at a minimum, negligent."  (Dkt. #2, Compl. ¶ 28.)  On this basis, Sands brings a tort claim for

10 negligent infliction of emotional distress.  This claim fails because Plaintiff does not allege any

11 facts in his complaint indicating that Sands was negligent in any way.  The only concrete factual

12 assertion Sands makes in his complaint indicates that Wynn acted intentionally, not negligently.

13 Sands alleges he suffered emotional distress because Wynn terminated his employment for taking

14 a personal call at work.  This assertion, even if true, does not state a claim based on a theory of

15 negligence.  Because Sands alleges Wynn intentionally discriminated against him by terminating

16 his employment, his claim for negligent infliction of emotional distress is improper and hereby

17 dismissed.

18     **B.      Injunctive and Declaratory Relief**

19         Sands brings a claim for injunctive and declaratory relief seeking that (1) Wynn be

20 enjoined from further violating Sands' civil rights; and (2) this Court declare that Wynn has

21 violated state and federal law.  Wynn asks the Court to dismiss this claim because injunctive relief

22 and declaratory relief are remedies, not causes of action.  In support of its assertion, Wynn points

23 to a number of cases (all outside Nevada) in which courts have dismissed injunctive relief claims

24 on these grounds.  *Lemieux v. Litton Loan Servicing, LP*, 2009 WL 5206641, *4 (E.D. Cal. 2009);

25 *Aguero v. Mortgageit, Inc.*, 2009 WL 2486311, *8 (E.D. Cal. 2009).

26 /

AO 72
(Rev. 8/82)

The Court recognizes that injunctive relief and declaratory relief are not causes of action and that it is well within the Court's discretion to dismiss this claim. At the same time, however, the Court is not required to dismiss this claim under the law cited by Wynn or any other law of which the Court is aware. The Court therefore exercises its discretion and denies Wynn motion to dismiss this claim. The Court does so even though injunctive relief is a remedy because Sands' § 1981 claims are still before the Court. Thus, if Sands succeeds on these claims he may very well be entitled to the injunctive and declaratory relief he seeks. Given this fact, the Court sees no reason why it should dismiss Sands' claims for injunctive and declaratory relief only to have him re-file an amended complaint containing the same basic request for relief. Accordingly, the Court will interpret Sands' claim for injunctive and declaratory relief as a request for a remedy rather than a separate cause of action. Wynn's motion to dismiss this claim is denied on this basis.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Wynn's Partial Motion to Dismiss (#7) is GRANTED in part and DENIED in part as follows:

Wynn's Motion to Dismiss Sands' claim for negligent infliction of emotional distress is GRANTED.

Wynn's Motion to Dismiss Sands' claim for declaratory and injunctive relief is DENIED.

Dated: June 9, 2010.

_____
ROGER L. HUNT
Chief United States District Judge